UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Ronald Eddy

    v.                                Civil No. 09-cv-116-JD

Michael Schofield


O R D E R

On March 30, 2009, Ronald Eddy, proceeding pro se, filed a complaint, alleging federal civil rights and New Hampshire common law claims against Michael Schofield, an officer at the New Hampshire State Prison for Men.  Eddy moved the same day to proceed in forma pauperis, and his motion was granted on April 7, 2009, with the requirement that he pay a partial filing fee of $8.60 on or before May 6, 2009.  See 28 U.S.C. § 1915(a) & (b)(1)(B).  In the order, the magistrate judge warned Eddy that no further action would be taken in the case until he paid the $8.60 fee and that failure to pay the fee would result in dismissal of his case.

The partial initial filing fee was calculated under § 1915(b)(1)(B) as twenty percent of the average monthly balance in Eddy's prison account for the six-month period immediately

proceeding the filing of the complaint.[1]  The average monthly balance was calculated by a senior accounting technician at the prison on February 9, 2009, to be $43.59.  Twenty percent of $43.59 was calculated to be $8.60.

Eddy filed a motion to extend the time for him to make payment to June 19, 2009.  His motion was granted on April 20, 2009.  He filed a second motion to proceed in forma pauperis, accompanied by his affidavit stating that he lacked funds to pay the partial filing fee, which was denied on May 21, 2009, leaving the initial order in effect.

The deadline for paying the filing fee has passed, and Eddy has not paid the fee.  Ordinarily, the case would be dismissed.  Eddy's financial affidavits and his trust account statement from the prison, however, indicate that the six-month average, used to calculate the partial filing fee under § 1915(b)(1)(B), may not accurately reflect his ability to pay.

Because Eddy's financial affidavit and the certified copy of his prison trust account were prepared on February 9, 2009, they reflect his financial status up to that date and provide an

---

[1]Section 1915(b)(1)(B) provides, in pertinent part, that the "court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent . . . of [] the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ."

average monthly balance back to August 9, 2009. The complaint, however, was not filed until March 30. Therefore, the six-month period, arguably, began on September 30, 2008.

The copy of Eddy's prison trust account, submitted with his application to proceed in forma pauperis, shows that his balance has consistently fallen month to month. Although the balance on August 9, 2008, was $132.96, by September 30, 2008, the balance was $110.78. The balance fell by nearly half in October and has remained low. On February 9, 2009, the balance was only $12.81. His income appears to be solely from the prison which has been about $17 per month except that in January and February it was less. An approximate average balance between September 30, 2008, and February 9, 2009, which is the last entry on the copy of his trust account submitted here, would have been less than the amount used to calculate the initial partial filing fee. Eddy stated in his second motion to proceed in forma pauperis and financial affidavit, dated May 14, 2009, that he was unable to pay the initial partial filing fee.

"In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Although Eddy's second motion to proceed in forma pauperis was denied, Eddy is granted a last opportunity

to show that he lacks the means to pay the partial filing fee of $8.60.

### Conclusion

For the foregoing reasons, the plaintiff shall file **on or before July 30, 2009**, his financial affidavit, attesting to his current financial condition, along with a certified copy of his prison trust account for the period between February 9, 2009, and June 19, 2009.  Failure to file as required in this order will result in dismissal of the case.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

July 1, 2009

cc:  Ronald Eddy, pro se